OPINION
Appellant, State of Ohio, appeals the May 30, 2001 judgment of the Seneca County Court of Common Pleas, appointing a special prosecutor for all future motions made by the appellee, Ronald E. Schramm, Jr.
On August 7, 2000, the appellee was sentenced to two years in prison for his conviction on one count of escape. At the time, Appellee was represented by the Seneca County Public Defender's Office (hereinafter "SCPD"). A review of the record indicates that Gary Hauter was the actual attorney from the SCPD who represented the appellee. On March 23, 2001, Hauter filed a motion to withdraw the SCPD as attorney of record for the appellee, a motion to have new defense counsel appointed, and a motion for a special prosecutor in all future proceedings regarding the appellee's August 7, 2000 judgment of conviction. The basis of the latter motion asserted by the SCPD was that a former attorney with the SCPD, Chad T. Mulkey, was now employed by Appellant State of Ohio, creating a potential conflict of interest because Mulkey was attorney of record for Appellee. Notably, nowhere in the record, aside from the SCPD's motion, is there any indication that Mulkey was ever involved in any aspect of Appellee's case while working for the SCPD.
A hearing was held on these motions on May 25, 2001. At the hearing, attorneys for both the appellant and appellee were permitted to state their positions to the trial court. Neither party presented any evidence in the form of testimony at this hearing. However, the SCPD, on behalf of the appellee, requested that the court incorporate the testimony of Chad Mulkey and Gary Hauter given at a hearing conducted on March 15, 2001, and April 27, 2001, in the case of State v. Gerald Theis, as well as the arguments presented therein. The trial court took the matter under advisement and subsequently granted all three motions by way of a judgment entry filed on May 30, 2001, and ordered that a special prosecutor would be appointed upon the filing of any post-conviction motions. This appeal followed, and Appellant now asserts one assignment of error.
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISQUALIFIED THE PROSECUTING ATTORNEY WITHOUT CONDUCTING AN EVIDENTIARY HEARING AND FAILING TO APPLY THE PRINCIPLES SET FORTH IN THIS COURT'S RULING IN STATE V. MURPHY (NOV. 17, 1988), MARION APP. NO. 9-87-35, UNREPORTED.
 The Ohio Supreme Court has addressed the proper procedure for ruling on a motion for disqualification of an attorney. Kala v. Aluminum Smelting Refining Co., Inc. (1998), 81 Ohio St.3d 1. In Kala, the supreme court held:
 In ruling on a motion for disqualification of either an individual (primary disqualification) or the entire firm (imputed disqualification) when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis:
 (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?
Id. at syllabus. Moreover, in applying the Supreme Court's holding inKala, to criminal cases, this Court determined that "[w]hen there is a potential conflict of interest or appearance of impropriety, the trial court must review the evidence and determine if the improper appearance can be overcome." State v. Britton (June 23, 1999), Marion App. No. 9-98-39, unreported, 1999 WL 446588. In addition, this Court has previously noted that the mere appearance of impropriety in a government office is not sufficient, in and of itself, to warrant disqualification of the entire office because the relationship between attorneys in a government office is different from those in private firms, as are the objectives that they seek, i.e., "`just results rather than the result desired by a client.'" State v. Murphy (Nov. 17, 1988), Marion App. No. 9-87-35, unreported, 1988 WL 126748, *2 (quoting ABA Committee on Professional Ethics Formal Opinion 342, 62 A.B.A.J. 517 (1976)).
In this case, a hearing was held. However, no evidence was presented that would permit the trial court to begin, let alone complete, the Kala
analysis. At the hearing, the attorneys for both parties merely stated their respective positions. Despite the wording of the May 30, 2001 judgment entry, there was no testimony given by any witnesses. The fact that the SCPD requested that the trial court incorporate the March 15, 2001, and April 27, 2001 hearing in State v. Gerald Theis is irrelevant because the Kala analysis is case specific. While the present case may be similar to Theis, there is no evidence to support a finding that the participation level of Mulkey or any possible screening of the Theis case from Mulkey is identical in this case. Additionally, the trial court did not make any findings of fact as Kala mandates.
Without the appropriate analysis, the trial court abused its discretion in issuing a blanket disqualification of the appellant from any future proceedings concerning the appellee's case. Thus, the assignment of error is well taken. However, this Court notes that the appellee, as the moving party, must first demonstrate that there is a substantial relationship between the matter at issue and the matter of the SCPD's prior representation. Then, the appellant bears the burden of presenting evidence to rebut the presumption of shared confidences pursuant to the second and third steps of the Kala analysis.
For all of these reasons, the judgment of the Seneca County Common Pleas Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
BRYANT and HADLEY, J.J., concur.